UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 23-09875-GW (DFM) | Date: | January 16, 2024 |
|---|---|---|---|
| Title | Tracy Wendell Adams v. Doerer | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause

Petitioner Tracy Wendell Adams is a federal prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2241. See Dkt. 1 ("Petition"). For the reasons set forth below, Petitioner is ordered to show cause why the Petition should not be dismissed for lack of jurisdiction.

A. BACKGROUND

In 2008, a grand jury in the United States District Court for the Eastern District of Virginia indicted Petitioner on three counts: (1) witness tampering by murder, in violation of 18 U.S.C. § 1512(a)(1)(A), (a)(2)(A); (2) witness retaliation by murder, in violation of 18 U.S.C. § 1513(a)(1)(B), (a)(2)(A); and (3) murder using a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c), (j)(1). See Petition at 2; United States v. Adams, No. 08-176 (E.D. Va.) ("Adams I"), Dkt. 7. In exchange for the government's assurance not to seek the death penalty, Petitioner pleaded guilty to all three counts and agreed to a sentence of life imprisonment. See Adams I, Dkts. 17, 29.

In June 2016, Petitioner moved under 28 U.S.C. § 2255 to vacate his § 924(c) conviction in light of the U.S. Supreme Court's decision in Johnson v. United States, 576 U.S. 591 (2015). See Adams I, Dkt. 48. The district court granted the government's motion to dismiss because the Supreme Court had not yet addressed the constitutionality of § 924(c)(3)(B), and Petitioner therefore did not fall within the statute of limitations exception. See Adams I, Dkt. 56.

Petitioner appealed to the Fourth Circuit. See United States v. Adams, No. 17-6041 (4th Cir.) ("Adams II"), Dkt. 1. With the government's consent, Petitioner several times moved to hold his case in abeyance for pending cases in the Fourth Circuit and the Supreme Court. See, e.g., United States v. Davis, 139 S. Ct. 2319 (2019); Sessions v. Dimaya, 138 S. Ct. 1204 (2018);

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

United States v. Simms, 914 F.3d 229 (4th Cir. 2019) (en banc). The Fourth Circuit removed the case from abeyance after the Supreme Court decided Davis and set an informal briefing schedule. See Adams II, Dkt. 20. After Petitioner failed to file his opening brief, the Fourth Circuit dismissed the appeal for failure to prosecute in June 2020. See id., Dkt. 43.

Here, Petitioner argues that his § 924(c) conviction cannot be sustained because it is predicated on crimes that do not qualify as "crimes of violence." See Petition at 12-22.

    B.  LEGAL STANDARD

Rule 4 allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases; see also Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated").

Generally, a federal prisoner may only challenge the legality of his confinement through a 28 U.S.C. § 2255 motion. See Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012). Under the "escape hatch" provision of § 2255(e), however, a federal prisoner may file a § 2241 petition, but only if the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see also Marrero, 682 F.3d at 1192. In a § 2241 petition, the prisoner typically must show (1) actual innocence, and (2) that he "has not had an unobstructed procedural shot at presenting" his challenge. Marrero, 682 F.3d at 1192 (citations and internal quotation marks omitted).

    C.  DISCUSSION

    1.  Actual Innocence

Petitioner challenges his conviction for murder using a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c), (j)(1). Petitioner's conviction rested on two predicates: witness tampering by completed murder, in violation of § 1512(a)(1), and witness retaliation by completed murder, in violation of § 1513(a)(1). He argues that those predicates are no longer valid crimes of violence after the Supreme Court's decisions in Johnson, 576 U.S. 591, and Taylor v. United States, 142 S. Ct. 2015 (2022).

"In this circuit, a claim of actual innocence for purposes of the escape hatch of § 2255 is tested by the standard articulated by the Supreme Court in Bousley v. United States, 523 U.S. 614[, 623] (1998): 'To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley, 523 U.S. at 623.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Under 18 U.S.C. § 924(c), any person who uses or carries a firearm "during and in relation to any crime of violence" is subject to punishment. A "crime of violence" is "an offense that is a felony" and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Id. § 924(c)(3).

The first clause is known as the "elements clause" (or the "force clause"); the second clause is called the "residual clause." In United States v. Davis, 139 S. Ct. 2319 (2019), the Supreme Court held that the residual clause is unconstitutionally vague. To stand convicted of using a firearm during and in relation to a crime of violence, an offender must therefore satisfy the elements clause.

"In determining whether a crime falls within the elements clause and thus constitutes a crime of violence, we apply the categorical approach." United States v. Buck, 23 F.4th 919, 924 (9th Cir. 2022). The court considers "whether the elements of the statute of conviction meet the federal definition of a 'crime of violence.'" Id. Here, the question is whether a conviction under §§ 1512 or 1513 necessarily "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A)). "If any—even the least culpable—of the acts criminalized do not entail that kind of force, the statute of conviction does not categorically match the federal standard." Borden v. United States, 141 S. Ct. 1817, 1822 (2021).

The Ninth Circuit recently held that attempted killing in violation of § 1512(a)(1) is a crime of violence under § 924(c)(3)(A). See Dorsey v. United States, 76 F.4th 1277, 1283-84 (9th Cir. 2023) ("[A]ttempted killing in violation of § 1512(a)(1) is a categorical match with § 924(c)(3)'s elements clause because it requires proving that the defendant intentionally used or attempted to use physical force against another."). Given Dorsey, it seems without question that Petitioner's predicate convictions of completed murder are crimes of violence. Cf. In re Irby, 858 F.3d 231, 236 (4th Cir. 2017) (collecting cases in which courts have held murder crimes are crimes of violence within the meaning of the force clause and rejecting the "illogical result" of having "the most morally repugnant crime—murder—not be a crime of violence").

Petitioner correctly notes that the Supreme Court in Taylor held that attempted Hobbs Act robbery does not qualify as a crime of violence under § 924(c)'s elements clause. See 142 S. Ct. at 2020-21. This is because § 1951(b)(1) requires either "actual or threatened force," so an attempt to commit Hobbs Act robbery can be proved by establishing only that the defendant attempted to threaten force and took a substantial step toward that end. See id. But "the holding in Taylor rests on a mismatch between § 924(c) and the specific elements of Hobbs Act robbery. That mismatch

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

does not exist with respect to § 1512(a)(1)." Dorsey, 76 F.4th at 1283. To obtain a conviction under §§ 1512(a)(1) and 1513(a)(1), the government had to establish that Petitioner "kill[ed] or attempt[ed] to kill another person." A mere attempted threat of force is not a valid ground for a §§ 1512(a)(1) or 1513(a)(1) conviction. Taylor is thus not helpful to Petitioner.

  2. Unobstructed Procedural Shot

To determine whether a petitioner has not had an unobstructed procedural shot, the court looks to: "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." Harrison v. Ollison, 519 F.3d 952, 959 (9th Cir. 2008).

Petitioner relies heavily on Johnson, which held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." 576 U.S. at 606. However, Johnson was decided in June 2015, one year prior to Petitioner filing his § 2255 motion. Petitioner was clearly aware of Johnson, arguing in his § 2255 motion that his conviction on count three should be vacated in light of that decision. See Adams I, Dkt. 48.

Petitioner also cites Taylor, which held that attempted Hobbs Act robbery does not qualify as a crime of violence under § 924(c)'s elements clause. See 142 S. Ct. at 2020-21. But as explained above, Taylor rests on a mismatch between § 924(c) and the specific elements of Hobbs Act robbery. That mismatch does not exist with respect to Petitioner's predicate convictions of witness tampering by completed murder and witness retaliation by completed murder. In short, Taylor did not change the law in a way material to Petitioner's conviction.

Petitioner's only argument to the contrary is that while pursuing his § 2255 petition, the Fourth Circuit denied his motion for abeyance. See Petition at 4. But that is inaccurate. As set forth above, Petitioner several times successfully moved to hold his case in abeyance for pending cases in the Fourth Circuit and the Supreme Court. The Fourth Circuit removed the case from abeyance after the Supreme Court decided Davis and set an informal briefing schedule. See Adams II, Dkt. 20. Petitioner's appeal was ultimately dismissed for failure to prosecute after he failed to file his informal opening brief. See id., Dkt. 43. Petitioner's failure to obtain a decision on the merits was not caused by procedural obstructions, but by his own default.

  D. CONCLUSION

Petitioner is ORDERED TO SHOW CAUSE within twenty-eight (28) days why the Petition should not be dismissed for lack of jurisdiction. Petitioner's response should cite to applicable legal authority. Petitioner's failure to act by the deadline may result in dismissal for lack of habeas jurisdiction and failure to prosecute.